Filed 6/3/22  P. v. Diego CA2/5

Opinion following transfer from Supreme Court
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PEDRO ALBERTO DIEGO,<br><br>    Defendant and Appellant. | B303304<br><br>(Los Angeles County Super. Ct. No. YA000719) |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Vacated and remanded.

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee, Wyatt

E. Bloomfield and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Pedro Alberto Diego (defendant) on murder and attempted murder charges, among others. Defendant petitioned the trial court to vacate his first degree murder conviction pursuant to Penal Code section 1170.95.[1] The trial court appointed counsel for defendant and denied his petition. This court initially affirmed, but after passage of Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775), our Supreme Court granted review and returned the cause to us for further consideration. There is now no real dispute between the parties: defendant does not challenge the correctness of our prior holding that defendant's *murder* convictions are not subject to vacatur under section 1170.95 and the Attorney General concedes defendant's *attempted murder* convictions may qualify for section 1170.95 relief.

## I. BACKGROUND[2]

The Los Angeles County District Attorney charged defendant in an information with two counts of murder: the murder of Charles Long (count one) and the murder of Renee Johnson (count seven). The information alleged a multiple murder special circumstance (§ 190.2, subd. (a)(3)) as to

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  Defendant moved us to judicially notice the appellate record in his direct appeal from his convictions (Case Number B059660). We previously granted that motion and we do so again for purposes of resolving this appeal on remand from our Supreme Court.

defendant, but not as to his co-defendant Bennie Bellfield—who was not charged with the murder of Long in count one. In addition to the murder charges, defendant was charged with two counts of premeditated attempted murder pertaining to two other victims (counts eight and nine). There were other charged offenses as well, but they are not relevant for our purposes.

Defendant's jury was instructed on the natural and probable consequences doctrine only in connection with the attempted murder charges in counts eight and nine. As to the murder charges, the jury was instructed on principles of direct aiding and abetting only. The multiple murder special circumstance instruction given to the jury required it to find defendant had the intent to kill Johnson (the victim alleged in count seven of the information) to find the special circumstance allegation true.[3]

The jury convicted defendant on each of the aforementioned murder and attempted murder charges; the jury found the murder of Johnson (count seven) was first degree murder and the murder of Long (count one) was second degree murder. The jury also found the alleged multiple murder special circumstance true. The jury fixed defendant's penalty at life in prison without possibility of parole, and that is the sentence the trial court imposed (with other particulars that are not relevant for our

_____

[3]     The court's instruction, patterned on CALJIC No. 8.80, stated: "As to Count 7, [i]f you find beyond a reasonable doubt that defendant Diego was an aider or abettor then you must also find beyond a reasonable doubt that defendant Diego with intent to kill aided and abetted an actor in commission of the murder in the first degree, in order to find the special circumstance to be true."

3

purposes). This court affirmed the judgment on direct appeal. (*People v. Diego et al.* (Aug. 10, 1993, B059660) [nonpub. opn.] (*Diego I*).)

Many years later, defendant filed a section 1170.95 petition for resentencing. Defendant, by checking boxes on a pre-printed form, asserted he was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine but could no longer be convicted of murder because of changes made to the Penal Code by Senate Bill No. 1437 (2017-2018 Reg. Sess.). The trial court appointed counsel to represent defendant.

The prosecution opposed defendant's petition and argued, among other things, that defendant was ineligible for section 1170.95 relief because he was victim Long's actual killer and a direct aider and abettor in the murder of victim Johnson. Defendant's reply brief conceded he was not seeking to vacate his second degree murder conviction for killing Long; he sought relief only as to his first degree murder conviction for killing Johnson. The reply made no mention of defendant's attempted murder convictions.

The trial court denied defendant's petition based on its conclusion that he was ineligible for relief as a matter of law. The court found defendant was not entitled to resentencing on his first degree murder conviction because *Diego I* established he was convicted as a direct aider and abettor, not pursuant to the felony murder rule or the natural and probable consequences doctrine. Though defendant's briefing had not presented any other issue for decision, the trial court additionally found defendant was not entitled to resentencing on his second degree murder conviction—because he was victim Long's actual killer—or his attempted

4

murder convictions—because section 1170.95 did not authorize relief for attempted murder.

As already discussed, we affirmed the trial court's order, but our Supreme Court returned the matter to us with directions to vacate our decision and reconsider the cause in light of SB 775 and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). We vacated our prior opinion and now consider the matter anew.

## II. DISCUSSION

The trial court's ruling was correct when made, but SB 775 changes things. It is still true that defendant's murder convictions are not subject to vacatur under section 1170.95 because the jury instructions given at defendant's trial leave no doubt he was convicted of murder as a direct aider and abettor, not on a felony murder or natural and probable consequences theory. Defendant's attempted murder convictions, however, may qualify for section 1170.95 relief because his jury was instructed on the natural and probable consequences doctrine as to those convictions and SB 775's amendments make those convicted of attempted murder on a natural and probable consequences theory eligible for resentencing.

### A. *Murder*

As the judicially noticed portions of the record from defendant's direct appeal confirm, defendant's jury was not instructed on felony murder and the natural and probable consequences instruction the jury did receive was expressly limited to the attempted murder charges in counts eight and nine. That means the jury could have convicted defendant of

5

Johnson's murder only as a direct aider and abettor,[4] and *that* means he is ineligible for section 1170.95 relief as to his first degree murder conviction as a matter of law. (§ 1170.95, subd. (a)(3); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 330 [the record of conviction may establish that defendant "is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill 1437's amendments to sections 188 and 189"], disapproved on another ground by *Lewis*, *supra*, 11 Cal.5th 952; *People v. Martinez* (2019) 31 Cal.App.5th 719, 723 ["Senate Bill 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, *did not act with the intent to kill*, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f))"], italics added; see also *People v. Smith* (2020) 49 Cal.App.5th 85, 92 ["If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition"], review granted July 22, 2020, S262835.)

### B. Attempted Murder

Before enactment of SB 775, the Courts of Appeal overwhelmingly held section 1170.95 does not authorize vacating attempted murder convictions. The trial court relied on this authority in finding defendant was not entitled to be resentenced on his attempted murder convictions.

---

[4] The jury's true finding on the multiple murder special circumstance confirms the same.

SB 775, however, amends section 1170.95 to "[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).).  The Attorney General concedes a remand is accordingly required to permit the trial court to "conduct prima facie proceedings under section 1170.95, subdivision (c), as to the attempted murder counts and issue an order to show cause if necessary."  The concession is appropriate, and we will remand the matter for further proceedings as to defendant's attempted murder convictions.

## DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is vacated. The cause is remanded with directions to reappoint counsel for defendant; to permit appointed counsel to file an amended section 1170.95 petition; and to issue an order to show cause under section 1170.95, subdivision (c), and thereafter proceed as required by section 1170.95, subdivision (d), only insofar as the amended petition seeks to vacate defendant's attempted murder convictions (and to deny relief insofar as the amended petition seeks to vacate defendant's murder convictions).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:


RUBIN, P. J.


KIM, J.

8